```
               UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                       RALEIGH DIVISION
```

IN RE:                                  CASE NO.

TONY FRANKLIN KING                      04-02444-5-ATS
JANA IRENE KING

    DEBTORS


STATE EMPLOYEES' CREDIT UNION

    Plaintiff                           ADVERSARY PROCEEDING NO.

    v.                                  S-04-00115-5-AP

TONY FRANKLIN KING and
JANA IRENE KING

    Defendants.


### ORDER ALLOWING MOTION TO DISMISS
### AS TO DEFENDANT JANA IRENE KING

The matter before the court is the defendants' motion to dismiss the complaint as to defendant Jana Irene King. A hearing took place in Raleigh, North Carolina on April 27, 2005.

Tony Franklin King and Jana Irene King filed a petition for relief under chapter 7 of the Bankruptcy Code on July 2, 2004. State Employees' Credit Union ("SECU") filed the instant adversary proceeding against the debtors, seeking a determination that the debt to SECU is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B).

The complaint alleges that Mr. King purchased a 2004 Ford Focus on June 3, 2004, and borrowed the sum of $18,722.90 from SECU to

finance the purchase.  The complaint further alleges that Mr. King executed and delivered a consumer credit application to SECU that did not disclose all relevant information related to Mr. King's financial condition, and that SECU relied on these representations in extending the loan.  With respect to Mrs. King, the complaint alleges that both debtors consulted with their counsel about filing bankruptcy prior to the purchase of the 2004 Ford Focus and that the debtors falsely and fraudulently failed to inform SECU of the true and accurate financial condition of the debtors.

The Kings filed a motion to dismiss pursuant to Rule 7009(b) of the Federal Rules of Bankruptcy Procedure, contending that the complaint failed to plead fraud with particularity as to Mrs. King, as the complaint provided no details as to how she engaged in any fraudulent activity.  SECU contends that the complaint establishes, through notice pleading, sufficient facts to allege the perpetration of actual fraud through the collusion of Mr. and Mrs. King.

> Sections 523(a)(2)(A) and (a)(2)(B) except from discharge any debt
>
> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by--
>
>   (A) false pretenses, a false representation, or actual
>   fraud, other than a statement respecting the debtor's or
>   an insider's financial condition;
>
>   (B) use of a statement in writing--
>       (i) that is materially false;
>       (ii) respecting the debtor's or an insider's
>   financial condition;

>        (iii) on which the creditor to whom the debtor is
>        liable for such money, property, services, or
>    credit reasonably relied; and
>        (iv) that the debtor caused to be made or published
>        with intent to deceive[.]

11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B).

The loan application is attached to the complaint and shows that Mr. King was the sole applicant for the loan. There is no allegation that Mrs. King presented any statement in writing to SECU, and the complaint will be dismissed as to Mrs. King on the § 523(a)(2)(B) claim.

The allegations in the complaint also establish that Mr. King is the sole purchaser of the vehicle and the sole borrower on the loan. Mrs. King is not liable on the debt, and she did not obtain "money, property, services, or credit" from SECU. Accordingly, Mrs. King has no debt to SECU to except from discharge under any provision of § 523.

Based on the foregoing, the motion to dismiss as to Mrs. King is **ALLOWED**, and the complaint is **DISMISSED** as to defendant Jana Irene King.

**SO ORDERED.**

**DATED:  April 28, 2005**

> s/ A. Thomas Small
> **A. Thomas Small**
> **Bankruptcy Judge**

3